```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA
```

CHARLES E. CRAYON,

        Plaintiff,                    No.  2: 13-cv-0350 KJN P

    vs.

RICK HILL, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9  Named as defendants are Warden Hill, Appeals Coordinator Stocker and Nurse

10  Wang.  Plaintiff is diabetic.  Plaintiff alleges that on July 7, 2012, he began refusing medication

11  and insulin from defendant Wang because defendant "had an attitude" toward plaintiff and did

12  not attend to plaintiff's medical "concerns."  Plaintiff wrote a grievance against defendant Wang.

13  Plaintiff alleges that on July 11, 2012, plaintiff saw defendant Wang at the Clinic Window.

14  Plaintiff told defendant Wang that he would not accept medication from defendant Wang because

15  he did not trust him.  Plaintiff took his medication in a cup and went to breakfast.  It is not clear

16  if defendant Wang gave plaintiff the medication in the cup.

17  Shortly after taking his medication, plaintiff had terrible stomach pain.  Plaintiff

18  was later taken to the hospital.  A doctor told plaintiff that he had been given the wrong

19  medication.  Plaintiff alleges that he received a bill from the hospital even though the incident

20  occurred at Folsom State Prison.

21  Plaintiff filed several grievances regarding the incident where he was given the

22  wrong medication.  Plaintiff alleges that all of the grievances were either returned or cancelled.

23  Because plaintiff is mentally ill, he did not know how to prepare a proper grievance.  Plaintiff

24  alleges that defendant Stocker interviewed him regarding his grievances.  Defendant Stocker

25  allegedly told plaintiff that defendant Wang was not going anywhere.

26  ////

Plaintiff alleges that defendant Warden Hill is not concerned about plaintiff's health.

The undersigned first considers plaintiff's claims against defendant Wang. Plaintiff's complaint suggests two possible claims against defendant Wang. First, plaintiff may be claiming that defendant Wang gave him the wrong medication in violation of his Eighth Amendment right to adequate medical care. The undersigned cannot determine whether plaintiff has stated a colorable Eighth Amendment claim because plaintiff does not clearly allege that defendant Wang was responsible for him receiving the alleged wrong medication. Plaintiff also does not address whether defendant Wang accidentally or intentionally gave him the wrong medication. Accordingly, plaintiff's Eighth Amendment claim against defendant Wang is dismissed with leave to amend.

Plaintiff may also be alleging that defendant Wang gave him the wrong medication in retaliation for plaintiff filing a grievance against him. However, plaintiff's complaint does not clearly state that plaintiff is raising a retaliation claim. For this reason, plaintiff's retaliation claim is dismissed with leave to amend. If plaintiff files an amended complaint, he must clarify whether he is raising a retaliation claim against defendant Wang. The amended complaint must include factual allegations to support a retaliation claim.

Plaintiff appears to challenge how defendant Stocker handled plaintiff's grievances. However, there is no independent, substantive due process right in how plaintiff's inmate grievances should have been processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). For these reasons, the undersigned finds that plaintiff has not stated a colorable claim against defendant Stocker based on her handling of his grievances. Accordingly, plaintiff's claims against defendant Stocker are dismissed with leave to amend.

The only claim against defendant Warden Hill is that he is not concerned about plaintiff's health. These allegations do not state a colorable constitutional claim. Moreover, the

4

Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

If plaintiff files an amended complaint naming defendant Warden Hill, plaintiff must include allegations specifically linking defendant Warden Hill to the alleged deprivations.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (dkt. no. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the

attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: April 11, 2013

                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

cray350.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. CRAYON,

     Plaintiff,                                 No.  2: 13-cv-0350 KJN P

    vs.

RICK HILL, et al.,                         NOTICE OF AMENDMENT

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

       _____     Amended Complaint

DATED:

                                        _____
                                        Plaintiff