1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES E. CRAYON,

11              Plaintiff,                    No.  2:13-cv-0350 KJN P

12         vs.

13    RICK HILL, et al.,

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel in an action brought under

17    42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority

18    to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

19    Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

20    attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v.

21    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

22    (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

23    consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

24    articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

25    Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

26    appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

                                               1

1   Circumstances common to most prisoners, such as lack of legal education and limited law library

2   access, do not establish exceptional circumstances that warrant a request for voluntary assistance

3   of counsel.

4        Having considered the factors under Palmer, the court finds that plaintiff has

5   failed to meet his burden of demonstrating exceptional circumstances warranting the

6   appointment of counsel at this time.

7        In addition, plaintiff has filed a motion for extension of time to file an amended

8   complaint.

9        Accordingly, IT IS HEREBY ORDERED that:

10       1.  Plaintiff's motion for the appointment of counsel (Docket No. 12) is denied

11  without prejudice;

12       2.  Plaintiff's motion for an extension of time (Docket No. 13) is granted; and

13       3.  Plaintiff is granted sixty days from the date of this order in which to file an

14  amended complaint.

15  DATED:  May 14, 2013

16

17                                    _____

18                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

19  cray0350.31+36

20

21

22

23

24

25

26