UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. CRAYON, | No. 2:13-cv-0350 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RICK HILL, et al, | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss filed on behalf of defendant Stocker (ECF No. 38), and the motion to dismiss filed on behalf of defendants Hill and Wang (ECF. No. 43). Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the undersigned orders that defendants' motion be granted with leave to amend, in part, as to defendant Hill, and recommends that defendants' motion be granted without leave to amend as to defendant Stocker and, in part, as to defendant Hill. The undersigned recommends that defendants' motion be denied as to defendant Wang.

////

Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

Plaintiff's Claims

This action is proceeding on the first amended complaint. (ECF No. 15.) Named as defendants are Nurse Wang, Warden Hill and Health Care Appeal Coordinator Stocker. Plaintiff alleges that on or around July 7, 2012, he filed a grievance against defendant Wang for ignoring him and speaking to him in a hateful voice. (Id. at 5.) Plaintiff began refusing to take medication from defendant Wang because he was afraid that defendant Wang might do something to him. (Id.) On July 8, 2012, plaintiff filed another grievance against defendant Wang. (Id.) In this grievance, plaintiff wrote that he was refusing to allow defendant Wang to give him insulin injections or any other medication. (Id. at 44.)

On July 11, 2012, all diabetic inmates, including plaintiff, were released from their cells to get their medication. (Id. at 6.) Defendant Wang asked plaintiff why he refused to take his medication and insulin shots from defendant. (Id.) Plaintiff replied that he did not trust defendant. (Id.)

Plaintiff alleges that defendant Wang then gave him his medication in a cup. (Id.) When plaintiff returned to his cell, he became ill and was taken to the emergency room. (Id. at 6-7.) Plaintiff alleges that the doctor at the emergency room told plaintiff that he had been given medication that diabetics are not supposed to take. (Id.) Plaintiff alleges that defendant Wang gave him the wrong medication in retaliation for plaintiff filing grievances against him. (Id.)

Plaintiff alleges that defendant Stocker rejected or cancelled all of his grievances regarding defendant Wang. (Id. at 8.) Plaintiff alleges that during an interview regarding the incident involving plaintiff's receipt of the wrong medication, defendant Stocker asked plaintiff what he wanted defendant Stocker to do about the situation. (Id.) Plaintiff stated that he wanted defendant Wang to be terminated. (Id.) Defendant Stocker responded that defendant Wang was not going anywhere. (Id.) Plaintiff asked defendant Stocker for a copy of his toxicology report and the neurology report from the hospital where he was treated. Defendant Stocker told plaintiff to get these documents from his doctor. (Id. at 8-9.) Plaintiff alleges that defendant Stocker tried to cover up the retaliatory acts of defendant Wang by rejecting plaintiff's grievances. (Id. at 9.)

////

3

Plaintiff alleges that he informed defendant Hill about the incident involving defendant Wang but received no response. (Id. at 10.) Plaintiff alleges that he was placed in a cell in the top bunk in the back by the shower with the rats, bats, feces, and mold. (Id.) Plaintiff alleges that because of his health problems, including seizures, he is supposed to be in a cell, on the bottom bunk, near the front. (Id.) Plaintiff alleges that he notified defendant Hill several times about these conditions. (Id.) Plaintiff alleges that defendant Hill left him in the back cell because plaintiff filed a staff complaint and made verbal complaints to the sergeant. (Id.)

The undersigned finds that plaintiff's amended complaint alleges the following claims for relief: 1) violation of the Eighth Amendment right to adequate medical care against defendant Wang; 2) retaliation against defendant Wang; 3) violation of the Eighth Amendment right to adequate medical care against defendant Hill; 4) violation of the Eighth Amendment right to hygienic conditions of confinement against defendant Hill; 5) retaliation against defendant Hill; 6) conspiracy to cover-up defendant Wang's alleged misconduct against defendant Hill; 7) conspiracy to cover-up defendant Wang's alleged misconduct against defendant Stocker; and 8) failure to properly process grievances in violation of the right to due process against defendant Stocker.

Analysis

*Retaliation Claim Against Defendant Wang*

Plaintiff alleges that defendant Wang retaliated against him for filing administrative grievances against him by giving him the wrong medication. Defendants argue that defendant Wang is entitled to qualified immunity as to this claim.

In analyzing a claim of qualified immunity, a court must examine (1) whether the facts as alleged, taken in the light most favorable to plaintiff, show that the defendant's conduct violated a constitutional right, and (2) if a constitutional right was violated, whether, "in light of the specific context of the case," the constitutional right was so clearly established that a reasonable official would understand that what he or she was doing violated that right. See Saucier v. Katz, 533 U.S. 194, 201–02 (2001). If no constitutional right was violated, the inquiry ends and the defendant prevails. Saucier, 533 U.S. at 201.

To succeed on a First Amendment retaliation claim, a plaintiff must show the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim. Rizzo v. Dawson, 778 F.2d 527, 532 n.4 (9th Cir. 1985). Although the timing of an official's action can be circumstantial evidence of retaliation, there must generally be something more than simply timing to support an inference of retaliatory intent. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

Defendants first argue that plaintiff has not pled sufficient facts in support of his claim that defendant Wang gave plaintiff the wrong medication, i.e., took an adverse action. For the following reasons, the undersigned disagrees.

As discussed above, plaintiff alleges that he became ill shortly after taking the medication given to him by defendant Wang. Plaintiff also alleges that the doctor at the emergency room told him that he was given the wrong medication. Based on these allegations, taking the facts in the light most favorable to plaintiff, it is not unreasonable to infer that defendant Wang gave plaintiff the wrong medication.

Defendants argue that the exhibits attached to plaintiff's amended complaint disprove his claim that defendant Wang gave him the wrong medication. Defendants argue that plaintiff has attached a letter from the Methodist Hospital's custodian of records informing plaintiff that no toxicology report was conducted. (ECF No. 15 at 62.) Defendants also cite an exhibit stating that blood tests revealed that everything was in the normal range except plaintiff's glucose level, which would be expected with a diabetic. (Id. at 29.) Defendants argue that plaintiff's exhibits do not show that he was given the wrong medication.

The finding that no toxicology report was conducted does not necessarily disprove plaintiff's claim that he was given the wrong medication. Similarly, the finding that "everything

was normal" on plaintiff's blood work does not necessarily disprove plaintiff's claim that he was given the wrong medication. Defendants' argument that plaintiff's exhibits disprove his claim that he was given the wrong medication is without merit.

Defendants next argue that plaintiff has not pled sufficient facts demonstrating that defendant Wang was motivated to retaliate against plaintiff based on his filing of administrative grievances. Plaintiff alleges that defendant Wang gave him the wrong medication just days after plaintiff filed two administrative grievances against him. Plaintiff also alleges that just before giving him the wrong medication on July 11, 2012, defendant Wang asked plaintiff why he refused to take his medication and insulin shots from defendant. Plaintiff's July 8, 2012 grievance specifically stated that plaintiff was refusing to take medication from defendant.

While defendant Wang may have known about plaintiff's refusal to take medication from him based on plaintiff's own conduct, taking the facts in the light most favorable to plaintiff, it is not unreasonable to infer that he knew about plaintiff's refusal based on knowledge of plaintiff's July 8, 2012 grievance. Plaintiff's allegations regarding the timing of his receipt of the allegedly wrong medication combined with defendant Wang's statement which, taken in the light most favorable to plaintiff, reflected knowledge of the July 8, 2012 grievance, state a facially plausible claim of retaliatory motive.

Turning to the second prong of the qualified immunity analysis, the undersigned finds that a reasonable official would have known that intentionally giving plaintiff the wrong medication in retaliation for filing grievances violated plaintiff's constitutional rights.

Accordingly, for the reasons discussed above, the undersigned recommends that defendants' motion to dismiss plaintiff's retaliation claim against defendant Wang be denied.

*Eighth Amendment Claim Against Defendant Wang*

Plaintiff's Eighth Amendment claim against defendant Wang is virtually identical to his retaliation claim. Plaintiff alleges that defendant Wang intentionally gave him the wrong medication in retaliation for plaintiff's filing of administrative grievances against him. Defendants argue that plaintiff has failed to allege that defendant Wang personally participated in any violation of his constitutional rights. In particular, defendants contend that the complaint is

devoid of any allegation that defendant Wang deprived plaintiff of adequate medical care.

An Eighth Amendment violation occurs when prison officials are deliberately indifferent to a prisoner's serious medical needs. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff "must satisfy both the subjective and objective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). The objective component requires a plaintiff to show that a prison official deprived the plaintiff of the "minimal civilized measures of life's necessities." Id. (citation omitted). The subjective component requires a plaintiff to show that a prison official acted with deliberate indifference. Id.

The objective component requires a demonstration of a deprivation that is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In the context of medical care, "a serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (internal citations omitted). However, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation omitted).

A prison official acts with deliberate indifference, and satisfies the subjective component, when "the [official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002). Thus, the official must "be aware of facts from which the inference could be drawn that a serious risk of harm exists," and the official "must also draw the inference." Farmer, 511 U.S. at 837. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (alteration and citation omitted), overruled on other grounds WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

////

1  Defendants first argue that plaintiff has not alleged sufficient facts in support of his claim
2  that defendant Wang gave him the wrong medication. As discussed above, plaintiff has pled
3  sufficient facts from which it may reasonably be inferred that defendant Wang gave him the
4  wrong medication.
5  Defendants also argue that plaintiff has not pled sufficient facts to support his claim that
6  defendant Wang intentionally gave him the wrong medication, which is the theory on which
7  plaintiff's Eighth Amendment claim against defendant Wang is predicated. As discussed above,
8  plaintiff has pled sufficient facts to support his claim that defendant Wang intentionally gave him
9  the wrong medication in retaliation for his filing of administrative grievances. These allegations
10 also state a facially plausible claim for deliberate indifference in violation of the Eighth
11 Amendment.
12 Turning to the second prong of the qualified immunity analysis, the undersigned finds that
13 a reasonable official would have known that intentionally giving plaintiff the wrong medication
14 violated plaintiff's Eighth Amendment constitutional rights.
15 Accordingly, for the reasons discussed above, the undersigned recommends that
16 defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendant Wang be
17 denied.
18 *Claims Against Defendant Hill*
19 Plaintiff alleges four claims against defendant Hill: 1) defendant Hill conspired to cover-
20 up defendant Wang's alleged misconduct; 2) defendant Hill allowed plaintiff to live in conditions
21 that were unsanitary in violation of the Eighth Amendment; 3) defendant Hill allowed plaintiff to
22 be housed on an upper bunk in the back in violation of his Eighth Amendment right to adequate
23 medical care; and 4) defendant Hill allowed plaintiff to live in these conditions in retaliation for
24 plaintiff complaining about them.
25 In the motion to dismiss, defendants argue that plaintiff has not adequately linked
26 defendant Hill to any alleged deprivation.
27 The court first considers plaintiff's claim that defendant Hill conspired to cover-up
28 defendant Wang's alleged misconduct by ignoring his complaints about defendant Wang.

8

Liberally construing plaintiff's amended complaint, plaintiff's theory against defendant Hill in this claim appears to be that defendant Hill's failure to investigate his claim against defendant Wang interfered with plaintiff's ability to seek redress against defendant Wang. See, e.g., Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998) (cover-up could violate Due Process right of meaningful access to the courts)

A cover-up claim is premature when, as here, plaintiff's action seeking redress for the underlying constitutional violations remains pending. See Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988) (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending). Plaintiff's underlying claims against defendant Wang are still pending in the instant action. Therefore, plaintiff cannot yet show the extent to which he was injured as a result of defendant Wang's alleged misconduct. Karim-Panahi, supra; see also Morales v. City of Los Angeles, 214 F.3d 1151, 1154–55 (9th Cir. 2000) (holding that plaintiff's access to the courts claim "accrued when the alleged police misconduct resulted in judgments being entered against [plaintiffs]."); Delew v. Wagner, 143 F.3d 1219, 1222–23 (9th Cir. 1998) (allegations that defendants deprived plaintiffs of their right of access to the courts by "covering up the true facts" of plaintiff's daughter's death were not ripe for adjudication in federal court because plaintiffs' wrongful death action was still pending in state court). Because plaintiff cannot cure the pleading defects discussed above, the cover-up claim against defendant Hill should be dismissed.

Turning to plaintiff's Eighth Amendment claim alleging unsanitary conditions, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842. This is a question of

fact. Id. Deliberate indifference describes a state of mind more blameworthy than negligence. Id. at 835 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Neither negligence nor gross negligence will constitute deliberate indifference. Id. at 835–36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Farmer, 511 U.S. at 837.

Plaintiff has not pled adequate facts in support of his claim that defendant Hill knew of the alleged unsanitary conditions in his cell. Plaintiff does not specifically allege how defendant Hill became aware of the alleged unsanitary conditions. Plaintiff may be claiming that defendant Hill became aware of these alleged conditions by way of plaintiff's staff complaint and verbal complaints to the sergeant. However, plaintiff does not describe the grounds of his staff complaint and verbal complaints to the sergeant. The exhibits attached to plaintiff's complaint do not demonstrate that defendant Hill had knowledge of the alleged unsanitary conditions. Because plaintiff has not pled sufficient facts demonstrating that defendant Hill was aware of the alleged unsanitary conditions in his cell, defendants' motion to dismiss this claim is granted with leave to amend. If plaintiff files an amended complaint, he must specifically describe how he informed defendant Hill of the alleged unsanitary conditions.

Plaintiff next alleges that he informed defendant Hill that he should not be on a top bunk in the back due to his medical problems. For the same reasons the court finds that plaintiff has not pled sufficient facts supporting his claim that defendant Hill knew of the alleged unsanitary conditions, the court finds that plaintiff has not pled sufficient facts demonstrating that defendant Hill knew that plaintiff was in a back cell on the top bunk. Accordingly, this claim is dismissed with leave to amend. If plaintiff files an amended complaint, he must specifically allege how he informed defendant Hill about his alleged medical problems and his improper placement on a top bunk.

Finally, plaintiff alleges that defendant Hill kept him in the back bunk in retaliation for plaintiff filing a staff complaint and verbally complaining to the sergeant. This claim of

retaliation is vague and conclusory. Plaintiff does not allege how defendant Hill knew of his staff complaint and verbal complaints. Plaintiff also does not allege how he knows that defendant Hill kept him in the back bunk. Accordingly, this claim is dismissed with leave to amend. If plaintiff files an amended complaint, he must specifically allege how defendant Hill knew about plaintiff's staff and verbal complaints and his placement in the back bunk. Plaintiff must also allege additional facts demonstrating a retaliatory motive by defendant Hill.

*Claims Against Defendant Stocker*

Defendants move to dismiss plaintiff's claim that defendant Stocker violated his right to due process by failing to process his grievances on the grounds that plaintiff has no due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639-640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is no liberty interest entitling inmates to a specific grievance process). Because plaintiff has no due process right to the administrative grievance process, defendants' motion to dismiss this claim should be granted.

Defendants do not address plaintiff's claim that defendant Stocker allegedly failed to process his grievances as part of a conspiracy to cover-up defendant Wang's misconduct. Nevertheless, the undersigned recommends that this claim be dismissed because it is without merit. See 28 U.S.C. § 1915(e)(2) (court may dismiss case at any time if the court determines that it fails to state a claim on which relief may be granted).

Liberally construing plaintiff's amended complaint, plaintiff's theory against defendant Stocker in this claim appears to be that defendant Stocker's failure to process his grievances regarding defendant Wang interfered with plaintiff's ability to seek redress against defendant Wang. See Delew v. Wagner, supra. Because plaintiff's underlying claim against defendant Wang is still pending in the instant action, plaintiff's related cover-up claim against defendant Stocker is premature. See Karim-Panahi, supra. Accordingly, this claim should be dismissed.

Because it does not appear that plaintiff can cure the pleading defects discussed above, the claims against defendant Stocker should be dismissed without leave to amend.

////

////

Plaintiff's Motions

On March 21, 2014, plaintiff filed a pleading titled "Dismiss Defendant Stocker Claim Against Plaintiff." (ECF No. 53.) The court construes this document as plaintiff's opposition to defendant Stocker's motion to dismiss.

On November 15, 2013, plaintiff filed a motion to submit proof of exhaustion of administrative remedies. (ECF No. 39.) Attached are exhibits related to exhaustion of administrative remedies. Good cause appearing, plaintiff's motion to file these documents is granted.

On November 15, 2013, plaintiff filed a motion requesting that defendants provide proof or admit plaintiff's heart disease. (ECF No. 40.) Defendants are not required to provide proof of or admit plaintiff's heart disease. Accordingly, this motion is denied.

Instructions Regarding Amending Complaint

If plaintiff does not file a second amended complaint, this action will proceed on his claims against defendant Wang found colorable above. If plaintiff files a second amended complaint, he should include his claims against defendant Wang as well as those claims against defendant Hill on which leave to amend has been granted. Plaintiff should not include his claims against defendant Stocker in a second amended complaint.

Plaintiff is not obliged to amend his complaint. If plaintiff does not file a second amended complaint, defendant Wang will be required to respond to plaintiff's allegations in the first amended complaint within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Hill without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this action;
2. Plaintiff's motion to submit proof of exhaustion of administrative remedies (ECF No. 39) is granted;
3. Plaintiff's requesting that defendants provide proof or admit his heart disease (ECF No. 40) is denied;

4. Plaintiff's motion to dismiss (ECF No. 53) is construed as plaintiff's opposition to defendant Stocker's motion to dismiss;

5. Defendants' motion to dismiss (ECF No. 43) is granted with leave to amend as to the following claims against defendant Hill:  a) defendant Hill allowed plaintiff to live in conditions that were unsanitary in violation of the Eighth Amendment; b) defendant Hill allowed plaintiff to be housed on an upper bunk in the back in violation of his Eighth Amendment right to adequate medical care; and c) defendant Hill allowed plaintiff to live in these conditions in retaliation for plaintiff complaining about them;

6. Plaintiff is granted thirty days to file a second amended complaint; if plaintiff does not file a second amended complaint, defendant Wang will be required to respond to plaintiff's allegations in the first amended complaint within the deadlines stated in Fed. R. Civ. P. 12(a)(1);

7. If plaintiff files a second amended complaint, defendants shall not respond to the second amended complaint until ordered by the court;

IT IS HEREBY RECOMMENDED that defendants' motions to dismiss (ECF Nos. 38 and 43) be granted as to all claims against defendant Stocker and plaintiff's cover-up claim against defendant Hill; defendants' motion to dismiss be denied as to plaintiff's claims against defendant Wang.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 8, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cray350.mtd

13