UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. CRAYON, | No. 2:13-cv-0350 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's address of record is at the California Institution for Men ("CIM") in Chino. However, two orders served on plaintiff at CIM were recently returned unserved.

On February 17, 2015 plaintiff filed a motion for the appointment of counsel. (ECF No. 72). In this motion, plaintiff states that he was transferred to California State Prison-Corcoran ("Corcoran"). California Department of Corrections and Rehabilitations ("CDCR") records also indicate that plaintiff is housed at Corcoran. However, in the motion for appointment of counsel plaintiff lists his address in the caption as the San Bernardino County Jail in Cucamonga.

The undersigned will direct the Clerk of the Court to change plaintiff's address of record to Corcoran. If plaintiff is currently housed at the San Bernardino County Jail, it is likely that this is a temporary placement. Plaintiff is reminded that it is his duty to keep the court apprised of his current address at all times by filing a notice of change of address when his address changes.

1

As for plaintiff's request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to amend court records to reflect plaintiff's new address at California State Prison-Corcoran;

2. Plaintiff's motion for the appointment of counsel (ECF No. 72) is denied;

3. The Clerk of the Court is directed to re-serve plaintiff with documents nos. 69 and 71 at his address at Corcoran.

Dated: February 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cray350.ord